IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LINDA R. TYREE,**           )
                              )
and                           )
                              )
**JENNIFER D. MARSHALL,**     )
                              )
    Plaintiffs,         )
                              )
v.                            )  CA No. 3:09cv663
                              )
**UNITED STATES OF AMERICA,** )
                              )
  Serve: **Hon. Eric H. Holder, Jr.** )
       Attorney General of the US )
       Department of Justice )
       950 Pennsylvania Ave., N.W. )
       Washington, D.C. 20530-0001 )
                              )
       **Hon. Neil H. MacBride** )
       c/o Civil Process Clerk )
       Office of the US Attorney )
       600 East Main St., Suite 1800 )
       Richmond, VA 23219 )
                              )
**DEANNE M. SEEKINS,**        )
                              )
  Serve: **Deanne M. Seekins** )
       Hampton VA Medical Center )
       100 Emancipation Drive )
       Hampton, VA 23667 )
                              )
**TONEY HILL,**               )
                              )
  Serve: **Chief Toney Hill,** )
       Police Department )
       Richmond VA Medical Center )
       1201 Broad Rock Blvd. )
       Richmond, VA 23249 )
                              )
and                           )

FILED
19 2009
CLERK, U.S. DISTRICT COURT
VA.

```
FRED WILLIAMS,                          )
                                        )
   Serve: Officer Fred Williams,        )
          Police Department             )
          Richmond VA Medical Center    )
          1201 Broad Rock Blvd.         )
          Richmond, VA  23249           )
                                        )
      Defendants.                       )
```

## Complaint

Plaintiffs Linda R. Tyree ("Tyree") and Jennifer D. Marshall ("Marshall") (jointly referred to as "Plaintiffs") file this Complaint against defendant United States and, in their individual capacities, defendants Deanne M. Seekins ("Seekins"), Toney Hill ("Hill"), and Fred Williams ("Williams") (jointly referred to as "Defendants").

## Introduction

1. Plaintiffs bring this action for the tort of malicious prosecution against the United States and individual employees of the Hunter Holmes McGuire Richmond VA Medical Center of the Department of Veterans Affairs (Richmond VA Medical Center), who willfully, maliciously, and without probable cause, initiated meritless criminal prosecutions against Tyree and Marshall.

## Jurisdiction

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1346(b)(1) and § 1367(a), because this action arises under the Federal Tort Claims Act ("FTCA") and the common law of Virginia.

### Venue

3. Venue is proper in this Court because all acts of which Plaintiffs complain were taken within the geographical boundaries of the Richmond Division of the United States District Court of the Eastern District of Virginia.

### Richmond VA Medical Center

4. The VA Medical Center employs approximately 2200 people; Local 2145 of the American Federation of Government Employees ("Local 2145") represents approximately 1700 employees of the VA Medical Center; approximately 1100 of the employees in the bargaining unit represented by Local 2145 are members of Local 2145.

### Parties

5. Tyree is an adult citizen and resident of Virginia and a member of Local 2145.

6. Marshall is an adult citizen and resident of Virginia.

7. At all times relevant to this action, Marshall has been the President of Local 2145.

8. The United States Department of Veterans Affairs operates the Richmond VA Medical Center within the City of Richmond, Virginia.

9. Seekins was Acting Director of the Richmond VA Medical Center between July 1, 2008 and February 1, 2009. Immediately prior and immediately after her service as Acting Director of the Richmond VA Medical Center, Seekins was Associate Director of the Richmond VA Medical Center.

10. Seekins currently is the Director of the Hampton VA Medical Center.

11. At all relevant times, specifically including on July 31, 2008, Hill was the Chief of Police of the Richmond VA Medical Center and a federal law enforcement officer with the power of arrest for violations of federal or state law on the property of the Richmond VA Medical Center.

12. At all relevant times, specifically including on July 31, 2008, Williams was a Police Officer of the Richmond VA Medical Center and a federal law enforcement officer with the power of arrest for violations of federal or state law on the property of the Richmond VA Medical Center.

### Facts

13. Effective July 1, 2008, Seekins became Acting Director of the VA Medical Center.

14. Before July 1, 2008, and continuing throughout her tenure at the Richmond VA Medical Center to the present time, Seekins has had personal feelings of ill-will and malice toward Marshall because, inter alia, of Marshall's aggressive advocacy on behalf of Local 2145, its members, and other employees of the Richmond VA Medical Center.

15. On July 2, 2008, after becoming Acting Director of the Richmond VA Medical Center, Seekins banned Marshall from entry onto all property of the Richmond VA Medical Center.

16. Throughout July 2008, and continuing to the present time, Seekins, Hill, and Williams knew and understood that

Marshall sincerely and passionately believed that the ban against her entry onto the property of the Richmond VA Medical Center was unconstitutional, illegal under federal statutory law, and a violation of the collective bargaining agreement between Local 2145 and the Richmond VA Medical Center.

17. On the morning of Thursday, July 31, 2008, pursuant to prior notice given to the Richmond VA Medical Center, Plaintiffs entered onto the property of the Richmond VA Medical Center.

18. Tyree was driving Marshall's vehicle and Marshall was a passenger.

19. Tyree drove onto the property of the Richmond VA Medical Center and parked in a parking space that is dedicated to the use of Local 2145.

20. Plaintiffs' specific reason for entering the property on July 31, 2008, was to work on submitting Tyree's application for disability benefits; Tyree had requested Marshall's assistance in submitting the application.

21. As they had received prior notice of Plaintiffs' entry onto the property of the Richmond VA Medical Center, Chief Hill and Officer Williams, inter alia, were present at the parking space when Tyree parked Marshall's vehicle in the parking space.

22. Plaintiffs remained on the property of the Richmond VA Medical Center in or immediately adjacent to Marshall's vehicle for approximately 40 minutes.

23. During the time they were on the property of the Richmond VA Medical Center, Plaintiffs talked with various police

officers of the Richmond VA Medical Center.

24. The basic conversation involved the police officers asking Marshall to leave the property, Marshall stating her need and desire to be on the property, and Marshall asking for an explanation of why she was being asked to leave the property.

25. The police officers expressly informed Tyree that she was not banned from the property and could enter the property.

26. Marshall repeatedly attempted to clarify if she was being threatened with arrest if she remained on the property, but Marshall had considerable difficulty getting the police officers to answer her question about whether they were going to arrest her if she remained on the property.

27. On information and belief, the police officers on the scene on the morning of July 31, 2008, had received instructions not to arrest Marshall or Tyree because of their presence on the property of the Richmond VA Medical Center.

28. Shortly after the police officers indicated to Plaintiffs that they could be arrested for remaining on the property, Plaintiffs left the property.

29. At no time on July 31, 2008, was there any threatened or actual physical contact of any kind between Plaintiffs and the police officers.

30. The police officers on the scene on July 31, 2008, had arrest powers and could have arrested Plaintiffs on the scene if the police officers on the scene believed that Plaintiffs had committed any criminal offense under either state or federal law.

31. Later on Thursday, July 31, 2008, after Plaintiffs had left the property of the Richmond VA Medical Center, pursuant to instructions and direction from Seekins, Defendants initiated criminal prosecutions against Plaintiffs in the criminal justice system of the Commonwealth of Virginia.

32. Defendants' decision to initiate criminal prosecutions against Plaintiffs in the state system, as opposed to the federal system, was for the deliberate purpose and with the intended effect of causing Plaintiffs greater annoyance, damage, and expense.

33. Defendants' decision to initiate criminal prosecutions against Plaintiffs was made both within the course and scope of their employment with the United States and on the basis of Seekins' and Hill's personal ill-will toward Plaintiffs.

34. On Thursday, July 31, 2008, Chief Hill ordered Officer Williams to travel to the Manchester Courthouse of the City of Richmond, appear before the Magistrate located there, and initiate state criminal charges of obstruction of justice and trespass against Plaintiffs because of the earlier events of July 31, 2008.

35. When he first received the order to initiate these criminal charges against Plaintiffs, Williams objected on the grounds that there was no basis for such charges and that the initiation of such criminal prosecutions was improper.

36. Hill ordered Williams to comply with his order and Hill ordered Captain Buehl of the Police Department of the Richmond VA

Medical Center to travel with Williams to ensure that the criminal charges were initiated against Plaintiffs.

37. Despite his personal belief and knowledge that no probable cause existed for the charges, Williams, acting at the orders and direction of Hill and Seekins, and on behalf of the United States, willfully, maliciously, and without probable cause initiated meritless criminal prosecutions against Plaintiffs.

38. Defendants, maliciously, without probable cause, and without any basis in fact or law whatever, initiated the criminal charge of obstruction of justice against Tyree.

39. Defendants, maliciously, without probable cause, and without any basis in fact or law whatever, initiated the criminal charge of obstruction of justice against Marshall.

40. Defendants, maliciously, without probable cause, and without any basis in fact or law whatever, initiated the criminal charge of criminal trespass against Marshall.

41. All three criminal prosecutions referenced in paragraphs 38-40 above ended favorably to Plaintiffs, with a final dismissal of all the charges in state court.

### Procedural Matters

42. Plaintiff filed timely claims against the United States pursuant to the FTCA based on their assertions of the tort of malicious prosecution.

43. The United States has denied Plaintiffs' claims brought against the United States pursuant to the FTCA.

44. This action is being brought within six (6) months after the date of the United States' mailing of final denials to Plaintiffs.

45. With regard to Tyree, the final denial mailed on August 6, 2009, was a denial of Tyree's request for reconsideration of her claim.

46. With regard to Marshall, the final denial mailed July 29, 2009, was a denial of Marshall's claim.

### Statement of Cause of Action - Malicious Prosecution

47. As described in more detail above, Defendants willfully, wantonly, maliciously, and without probable cause tortiously initiated criminal prosecutions against Plaintiffs in the General District Court of the City of Richmond, Manchester Division; as the result of such tortious conduct, Plaintiffs have suffered damages, including without limitation costs and attorney's fees, damage to reputation, embarrassment, humiliation, and mental anguish and emotional distress.

### Punitive Damages

48. The acts or omissions of the individual defendants were willful, wanton, and malicious, making an award of punitive damages against the individual defendants appropriate.

### Trial By Jury

49. Plaintiffs demand trial by jury.

**WHEREFORE**, Plaintiffs ask that this Court enter Judgment in their favor against Defendants, individually and/or jointly and severally as the evidence permits, awarding each of Plaintiffs:

1. Compensatory damages in the amount of $200,000;
2. Punitive Damages in the amount of $200,000;
3. Their reasonable attorney's fees;
4. Their costs incurred; and
5. Such other and further relief as is proper.

Dated this 19th day of October, 2009.

Respectfully Submitted,

LINDA R. TYREE
JENNIFER D. MARSHALL

By: _____
Counsel

David R. Simonsen, Jr. (VSB #20078)
Vickey A. Verwey (VSB #20267)
8003 Franklin Farms Drive, Suite 131
Richmond, Virginia 23229-5107
Tel: (804) 285-1337
Fax: (804) 285-1350
Email: DSimonsenJ@aol.com

Counsel for Plaintiffs