IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| LINDA TYREE, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Action No. 3:09–CV–663 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on two motions arising out of Plaintiff Linda Tyree's Complaint asserting a claim for malicious prosecution under the Federal Tort Claims Act ("FTCA") against the United States of America. The Government has filed a Motion for Judgment on the Pleadings (Dock. No. 11), seeking dismissal of Plaintiff's complaint on the grounds that it fails to state a claim upon which relief can be granted. In response, Tyree has filed a Motion for Leave to File Amended Complaint (Dock. No. 14) in order to address the perceived deficiencies raised by the United States in its motion. After examining the motions, the associated briefs, and the Complaint, the Court finds that oral argument is unnecessary since the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons explained below, the Court DENIES the Defendant's motion and GRANTS the Plaintiff's motion.

**I. BACKGROUND**

Plaintiff Linda Tyree is an employee of the Hunter Holmes McGuire Veterans Affairs

1

Medical Center ("Center"), a facility operated by the United States Department of Veterans Affairs in Richmond, Virginia. Former Plaintiff Jennifer Marshall was previously a Center employee and is currently the President of Local 2145 of the American Federation of Government Employees, which represents Center employees.[1] Tyree is also a member of Local 2145.

The events giving rise to this controversy occurred on July 31, 2008, when Tyree and Marshall together entered Center property in one vehicle in order to fill out forms for Tyree to apply for disability benefits. Marshall entered the Center's premises despite knowing that she had been banned from all Center property on July 2, 2008.[2] Center police officers informed Marshall that she had to leave the property immediately, but told Tyree that she was free to stay without Marshall. Despite multiple requests, Marshall initially refused to leave, but once she was informed that she could be arrested, Marshall and Tyree left. Tyree stayed with Marshall for the entire forty minutes that the two remained on the Center's property.

In her Complaint, Tyree alleges that after she and Marshall left, Deanne Seekins, the Center's Acting Director, asked Toney Hill, Chief of Police Service at the Center, to initiate criminal prosecutions of Tyree and Marshall. Hill ordered Fred Williams, a police officer at the Center, to seek warrants from a Virginia state magistrate judge. Tyree claims that

---

[1] After filing the Complaint, Marshall entered into an agreement with Defendant that resolved her claims and she thereafter voluntarily dismissed herself from this action.

[2] Tyree's Complaint indicates Marshall believed the ban was unconstitutional, illegal under federal law, and a violation of the collective bargaining agreement between the Center and Local 2145. (Compl. ¶ 16.)

"[w]hen he first received the order to initiate these criminal charges against Plaintiffs, Williams objected on the grounds that there was no basis for such charges and that the initiation of such criminal prosecutions was improper." Nevertheless, Hill did as he was ordered by reporting the necessary facts to a judge, who issued warrants for Marshall and Tyree. Marshall was charged with trespassing and obstruction of justice. Tyree was charged with obstruction of justice. All three charges were eventually dismissed.

After exhausting the administrative remedies mandated by the FTCA, Tyree filed her Complaint with this Court, asserting a claim for malicious prosecution against the United States. In addition to the United States, the Complaint names several other defendants, including Seekins, Hill, and Williams. The United States determined that the allegations against the individuals in the Complaint all concern actions the individuals took within the course and scope of their federal employment. Accordingly, under the FTCA, which provides that the sole remedy for claims of damage from a federal employee's actions who was acting within the course and scope of his employment lies in an action against the United States, 28 U.S.C. §§ 2671, 2679, the United States filed a notice of substitution making it the sole defendant in this case. Tyree has not objected to the substitution.

After filing an Answer, the United States has now filed a Motion for Judgment on the Pleadings. In response, Tyree has filed a Motion for Leave to File Amended Complaint.

## II. LEGAL STANDARDS

### A. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of

Civil Procedure is decided under the same standard as a motion to dismiss under Rule 12(b)(6), with the only difference being that under Rule 12(c) the court can consider the answer as well as the complaint. See Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009; Continental Cleaning Serv. V. United Parcel Serv., Inc., No. 98-cv-1056, 1999 WL 1939249, at *1 (M.D.N.C. Apr. 13, 1999) (internal citations omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**B. Motion for Leave to Amend Complaint**

When more than twenty-one days have elapsed since an answer was served, leave of court is required for plaintiff to amend its complaint without defendant's consent. See Fed. R. Civ. P. 6(d), 15(a). "The court should freely give leave [to amend] when justice so requires," see Fed. R. Civ. P. 15(a)(2), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Steinburg v. Chesterfield County Planning Comm'n, 527 F.3d 377, 390 (4th Cir. 2008) (quotation marks and citation omitted). Amendments that plainly cannot survive a motion to dismiss are futile. See Perkins v. United States, 55

F.3d 910, 917 (4th Cir. 1995).

### III. DISCUSSION

### A. The United States' Motion for Judgment on the Pleadings

When analyzing an FTCA claim, the court must apply the state law where the alleged tort occurred, which in this case is Virginia. See 28 U.S.C. § 1346(b)(1). Tyree asserts a claim for malicious prosecution, which under Virginia law, requires the plaintiff to prove that the prosecution was (1) instituted or procured by or with the cooperation of the defendant, (2) terminated in a manner not unfavorable to the plaintiff, (3) without probable cause, and (4) malicious.[3] Reilly v. Shepherd, 273 Va. 728 (2007). Actions for malicious prosecution arising from criminal proceedings are not favored in Virginia. Id. (citing Ayyildiz v. Kidd, 220 Va. 1080, 1082 (1980)). For purposes of this motion, the United States does not dispute the first two elements, but does dispute that the Complaint contains sufficient facts to prove that the prosecution of Tyree for obstruction of justice under Virginia Code § 18.2-460 was without probable cause and was malicious.

"Malice may be inferred from a lack of probable cause, but a lack of probable cause may not be inferred from malice." Id. (citing Bill Edwards Oldsmobile, Inc. v. Carey, 219 Va. 90, 100 (1978)). Accordingly, it is appropriate to begin by considering whether the evidence was sufficient to support a finding of probable cause. In this context, Virginia law defines probable cause as "knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is

---

[3] The FTCA only permits malicious prosecution claims against the United States if the claim is based on "the acts or omissions of investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h).

5

guilty of the crime of which he is suspected." Commissary Concepts Mgmt. Corp. v. Mziguir, 267 Va. 586, 589-90 (2004). Whether probable cause existed is determined from the perspective of the defendant at the time the complained of action was taken. Id. at 590.

Thus, the relevant inquiry here is whether there are sufficient facts to show that the Center's police officers lacked probable cause to believe that Tyree was guilty of obstruction of justice. Virginia Code § 18.2-460 provides that "any person without just cause knowingly obstructs . . . any law enforcement officer . . . in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so . . . shall be guilty of" obstruction of justice. The United States asserts that probable cause existed to initiate the prosecution of Tyree for obstruction of justice. In its view, when Marshall was ordered to leave the Center's property, Tyree could have avoided the obstruction charge by either letting Marshall take the car to exit the property and leaving Tyree at the Center, or Tyree could have driven herself and Marshall off of the property. Tyree chose to do neither; instead, she stayed at the Center, and, thereby, the Government claims, gave the Center's police officers probable cause to believe that Tyree was obstructing the ability of the officers to perform their duty of ensuring that Marshall, who was a trespasser, did not remain on the premises.

Tyree says that "the lack of probable cause is overwhelming," because "Tyree did nothing to obstruct any VA police officer." (Tyree Resp. to Mot. for Judgment on the Pleadings 4, 5.) To support her position, Tyree provides a section of a Virginia Court of Appeals opinion stating that

> A conviction for violation of subsection a requires proof of acts clearly indicating an intention on the part of the accused to prevent the officer

> from performing his duty, as to obstruct ordinarily implies opposition or resistance by direct action . . . . It means to obstruct the officer himself not merely to oppose or impede the process with which the officer is armed.

Atkins v. Commonwealth, 678 S.E.2d 834, 835 (Va. Ct. App. 2009) (internal citations and quotations omitted) (emphasis added).

Tyree's reliance on Atkins, however, is misplaced. The inquiry here is not whether the officers knew beyond a reasonable doubt that Tyree was guilty of obstruction of justice. That level of certainty rarely presents itself in the field and, thus, the law has never demanded that officers have in hand that onerous quantum of evidence prior to taking action. Rather, the question Tyree should be addressing is whether the Center's officers had probable cause to obtain a warrant for Tyree for obstruction of justice. For the officers to have had probable cause, "the facts and circumstances must have warranted a reasonable belief that [Tyree] was or was on the verge of, unlawfully obstructing [the officers] in the performance of [their] duties." Wilson v. Kittoe, 337 F.3d 392, 398-99 (4th Cir. 2003). The Virginia courts have defined obstruction as "more than merely render[ing] an arrest more difficult or inconvenient than it might otherwise have been." Id. at 399. The Fourth Circuit Court of Appeals has acknowledged the distinction drawn by the Virginia courts between conduct that "merely impedes or frustrates the officer, which does not ground liability under the Obstruction Statute, and conduct that intentionally thwarts or prevents an arrest, which does." Id. at 400. The question whether probable cause existed "is to be applied as of the time when the action complained of was taken." Lee v. Southland Corp., 219 Va. 23, 26 (1978). Thus, Tyree must allege facts that could show that the Center Officers did not have a reasonable belief that a crime had been committed at the time that

Officer Hill secured the warrant. See Caldwell v. Green, 451 F. Supp. 2d 811, 818 (W.D. Va. 2006).

In evaluating this motion to dismiss, the facts presented by the plaintiff are assumed to be true, and the plaintiff receives all reasonable inferences from those facts. Therefore, the facts are treated as admitted, and the Court may determine whether these admitted facts amount to probable cause as a matter of law. Id.

The Complaint states that Tyree entered onto Center property in one vehicle with Marshall, who had, rightly or wrongly, been banned from the Center. Center police officers approached the two, told Marshall she needed to leave, but told Tyree that she did not have to leave, because she had not been banned from the property. As the conversation with the officers progressed, Marshall and Tyree were told that they could be arrested if they continued to remain any longer. At that point, no arrests having occurred, Tyree and Marshall drove off of Center property after having been there for forty minutes. Thereafter, Officer Hill, although allegedly reluctant to seek warrants in connection with the incident, thereafter obtained a warrant charging Tyree with obstruction of justice. There are no facts, however, indicating that Tyree refused any request by Center police officers to drive Marshall off of the property. There are no facts indicating that Tyree did anything to make the arrest of Marshall more difficult, if that is what the officers had wanted to do. Thus, at this stage in the proceedings, the Court concludes that Tyree has alleged sufficient facts that there was no probable cause to believe that she obstructed the Center police officers.

To survive the Government's motion, Tyree must also show that the warrant was

sought with malice.  See Reilly v. Shepherd, 273 Va. 728, 732 (2007).  Malice is defined as any controlling motive other than a good faith desire to further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished.  Freezer v. Miller, 163 Va. 180, 206 (1934).  In Virginia, malice may be inferred from the absence of probable cause.  Oxenham v. Johnson, 241 Va. 281, 288-89 (1991).  However, malice must exist in fact and be proven like any other fact.  Freezer, 163 Va. at 203.  It may be inferred from facts and circumstances, but is never presumed by law.  Id.  A wrongful intent must be shown and "neither lack of probable cause nor the mere failure to act as a reasonably prudent man under the circumstances in instituting the prosecution is the same thing as malice."  Id. at 204.

Based on the assumption that there was probable cause, the Government alleges that Tyree cannot rely on the presumption of malice and has not otherwise plead any facts establishing malice.  Although it acknowledges that there may have been some hostility between Marshall and Seekins, the director of the Center, the Government notes that the director's justification for requesting that Tyree be charged with obstruction of justice is irrelevant because under the FTCA liability only arises for the United States for the actions of law enforcement officers, which the director is not.  In response, Tyree relies on a lack of probable cause in order to establish malice.

As the allegations stand now, Officer Williams, despite believing that there was no basis for charging Tyree with obstruction of justice, nevertheless initiated the prosecution of Tyree for that crime.  The Government claims that this allegation is a legal conclusion not entitled to the assumption of truth, however, Tyree's claim goes beyond making

assumptions to provide sufficient evidence that when Williams obtained the warrant it was not based on a good faith desire to further the ends of justice. Whether these facts will carry the day is yet to be determined, but at this stage in the proceedings, the Motion for Judgment on the Pleadings is DENIED.

**B. Tyree's Motion for Leave to File Amended Complaint**

Tyree asserts that she may amend her Complaint as of right because she complied with the requirements of Rules 6(d) and 15(a) of the Federal Rules of Civil Procedure by filing her motion to amend on January 11, 2010, which was the twenty-fourth day after the Government filed its Answer. The Government disagrees. The source of the parties' disagreement is whether the amendment to Rule 15(a), which took effect on December 1, 2009, should apply to Tyree's Motion. Tyree asserts that the new rule and its twenty-four day period should apply, whereas the Government requests that the old rule's twenty-three day limit control. The United States Supreme Court's Order adopting the new rule stated that the amendment "shall take effect on December 1, 2009, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." U.S. Supreme Court Order, Mar. 26, 2009, http://www.supremecourt.gov/orders/courtorders/frcv09.pdf ; see also 28 U.S.C. § 2074(a). The Government says that the new rule should not apply because it would not be just or practicable, though it does not elaborate on why. Although this case began prior to the new rule taking effect, the motion was filed after it took effect and the new time line governs here because it is just and practicable. Therefore, the Motion to Amend is GRANTED. Accordingly, there is no need to address the Government's argument that the

10

amendment is futile.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion and GRANTS Plaintiff's Motion.

Let the Clerk send a copy of this Memorandum to all counsel of record. An appropriate order will issue.

It is SO ORDERED.

```
_____/s/_____
James R. Spencer
Chief United States District Judge
```

ENTERED this __30th__ day of March 2010