**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1670

LINDA R. TYREE,

   Plaintiff – Appellant,

 and

JENNIFER D. MARSHALL,

   Plaintiff,

  v.

UNITED STATES OF AMERICA,

   Defendant – Appellee,

 and

DEANNE M. SEEKINS; TONEY HILL; FRED WILLIAMS,

   Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:09-cv-00663-JRS)

Submitted: March 1, 2011    Decided: March 18, 2011

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David R. Simonsen, Jr., Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Jonathan H. Hambrick, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

───────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda R. Tyree filed an action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 (2006), alleging malicious prosecution on an obstruction of justice charge, Va. Code Ann. § 18.2-460 (2009). The Government moved for summary judgment and Tyree moved for discovery pursuant to Fed. R. Civ. P. 56(f) (now Rule 56(d)). The district court denied Tyree's motion and granted summary judgment in favor of the Government. Tyree noted a timely appeal. We affirm.

On appeal, Tyree argues that the district court erred in granting summary judgment for the United States, erroneously concluding that "[b]ecause the video clearly shows the event in question, no factual dispute exists." Tyree maintains that there are disputed questions as to whether, first, she committed any act of obstruction, and second, whether she had any criminal intent to obstruct.

We review a district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. United States v. Bergbauer, 602 F.3d 569, 574 (4th Cir.), cert. denied, 131 S. Ct. 297 (2010). Summary judgment may be granted only when "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Because Tyree brought this action under the FTCA, her claims are governed by the law of Virginia, the state where the alleged malicious prosecution occurred. See 28 U.S.C. § 1346(b)(1) (2006). In an action for malicious prosecution under Virginia law, "the plaintiff has the burden of proving four essential elements: that the prosecution was (1) malicious, (2) instituted by or with the cooperation of the defendant, (3) without probable cause, and (4) terminated in a manner not unfavorable to the plaintiff." Reilly v. Shepherd, 643 S.E.2d 216, 218 (Va. 2007).

Virginia's obstruction of justice statute provides:

> If any person without just cause knowingly obstructs . . . any law-enforcement officer . . . in the performance of his duties or fails or refuses without just cause to cease such obstruction when requested to do so by such . . . law-enforcement officer . . . he shall be guilty of a Class 1 misdemeanor.

Va. Code Ann. § 18.2-460(A) (2009). Obstruction of justice does not require physical interference with the officer, "'but there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty.'" Ruckman v. Commonwealth, 505 S.E.2d 388, 389 (Va. App. 1998) (quoting Jones v. Commonwealth, 126 S.E. 74, 77 (Va. 1925)).

Here, the facts known to the officer concerning Tyree's possible obstruction of justice are depicted in the video recording. We conclude that these facts and circumstances establish probable cause for obstruction of justice.

Next, Tyree argues that the officer who obtained the warrant did not himself believe there was probable cause to obtain a warrant. She argues that further discovery of facts "including what [the officer] knew and understood when he obtained the criminal warrant against Tyree," would be relevant to the question of whether probable cause existed. However, the probable cause determination is an objective one, and the facts relevant to that determination are depicted in the recording. See Devenpeck v. Alford, 543 U.S. 146, 153 (2004). While discovery into the officer's subjective state of mind may have relevance to the malice element of her malicious prosecution claim, "a lack of probable cause may not be inferred from malice." Reilly, 643 S.E.2d at 219. The discovery Tyree requested could not have salvaged her claim and we must therefore conclude that the district court did not abuse its discretion in denying her motion for discovery. See Ingle ex rel. Estate of Ingle, 439 F.3d 191, 195 (4th Cir. 2006).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and would not aid the decisional process.

<u>AFFIRMED</u>